IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Jerrold Thomas Greene, )
    Plaintiff, )
)
v. ) 1:13cv678 (LMB/IDD)
)
Dr. Benjamin Tabiolo Ulep, )
    Defendant. )

FILED
MAR 27 2014
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Jerrold Thomas Greene, a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by defendant Dr. Benjamin Tabiolo Ulep at Sussex I State Prison ("Sussex I").[1] The matter is now before the Court on Dr. Ulep's Motion for Summary Judgment and Motion to Dismiss, to which plaintiff has filed no opposition. For the reasons which follow, the Motion for Summary Judgment will be granted, the Motion to Dismiss will be denied, and the action will be dismissed as factually frivolous.

### I. Background

In the complaint, plaintiff alleged that he is an insulin-dependent brittle diabetic, such that "withdrawal and/or drastic alteration of insulin causes permanent physical damage and leaves plaintiff in immediate threat to life." Compl. at 5. Nonetheless, according to plaintiff, Dr. Ulep "discontinued" plaintiff's insulin on February 26, 2013 without reason, even though "... complete withdrawal of all insulin will kill a diabetic. Were it not for nurses who would sneak the plaintiff

---

[1] The complaint also set out a claim that plaintiff was denied due process in grievance proceedings. By Order dated June 19, 2013, the due process claim and the two defendants named in connection with it were dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). Dkt. 5.

insulin against Dr. Ulep's order, the plaintiff would be dead." Id. Plaintiff asserted that the "physical, emotional, psychological and other damages" resulting from Dr. Ulep's alleged actions "can only be guessed at," although "pain and nerve damage in various parts of [his] body have increased along with the very high probability of death." Id.

On October 23, 2014, defendant filed a Motion for Summary Judgment and Motion to Dismiss, along with a supporting memorandum of law and exhibits. Dkt. 27- 28. Defendant argues that he is entitled to summary judgment on the merits of plaintiff's claim because he never acted with deliberate indifference to plaintiff's diabetic issues. In addition, defendant has moved for dismissal of the complaint under Fed. R. Civ. P. 41(b) on the ground that plaintiff brought this lawsuit for an improper purpose in violation of Rule 11(b)(1) - that is, to assist his cellmate in harassing Dr. Ulep and pressuring him to order alterations in the cellmate's prison diet. Defendant provided plaintiff with the notice required by Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Dkt. 29, and plaintiff filed no response to either of defendant's motions. Accordingly, by Order dated January 9, 2014, plaintiff was directed to show cause within fourteen (14) days why the action should not be dismissed for his failure to contest the facts and issues stated by defendant. Dkt. 37. On January 22, 2014, plaintiff submitted the following reply:

> In Response to the Court Order dated 09 Jan 2014, it is to be brought to the Court's attention that I have no further evidence to provide and I am now relying on the Court's discretion to make an informed decision with the information and evidence previously made available. Therefore, I support a Motion for Summary Judgment upon the Court's review of the case information, namely, my chief complaint and the evidence provided therein.

Dkt. 39.

## II. Motion for Summary Judgement

### A. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no

material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

## B. Analysis

At this juncture, the Statement of Undisputed Facts provided by Dr. Ulep and supported by his affidavit and other exhibits is unopposed. Def. Mem. at 1 - 12. Therefore, the Court credits that recitation of facts and will not repeat it in detail here. Briefly, it reveals that when plaintiff arrived at Sussex I in September, 2012, he was receiving combination therapy for his diabetes, consisting of Lantus, a long-acting insulin; Regular insulin, a short-acting insulin; and Novolog. Id. at ¶ 6. During plaintiff's incarceration at Sussex I he suffered many episodes of both hypoglycemia and hyperglycemia. As a result, his diabetes was difficult to control and required periodic adjustments of his insulin. Id. at ¶ 45. Dr. Ulep reacted to each episode with some form or forms of therapy, including glucose testing, laboratory studies, adjustment of plaintiff's medications, prescription of diabetic diets, and recommendations regarding plaintiff's activity levels. Plaintiff's own behavior exacerbated the situation, as he contributed to the instability of his diabetes by failing to adhere to his prescribed diabetic diet, to follow recommended activity levels, and to comply with the ordered interventions. Id. at ¶¶ 46-47.

As to plaintiff's allegations that Dr. Ulep discontinued all insulin without medical reason on February 13, 2013 and that nurses thereafter had to "sneak" insulin to him, the records supplied by defendant show that these statements are false, and that at no time was plaintiff's insulin completely discontinued. Instead, in February, 2013 plaintiff was suffering from acute gastroenteritis which caused persistent vomiting and diarrhea. Id. ¶¶ 23-24. Dr. Ulep treated plaintiff's condition by ordering a clear liquid diet and prescribing Phenergan for nausea and

vomiting, Imodium for diarrhea, and later Metamucil. Id. On February 21, 2013 plaintiff had a hypoglycemia episode and was treated with oral insulin. Id. ¶ 27. Aside from that one episode, his blood glucose readings remained normal during this period. Id. However, on February 26, plaintiff was found unresponsive on the floor of his cell, and a blood glucose check revealed that the level was 42 mg. Oral insulin and the consumption of two cheese sandwiches improved the level to 84 mg, and a nurse noted that plaintiff had not eaten in two days. Id. ¶ 28. Dr. Ulep was informed of plaintiff's condition and test results, and he instructed the nurse to withhold plaintiff's long-acting insulin (Lantus) until plaintiff started eating again. Id. ¶ 30. From that date until March 23, plaintiff continued to have blood glucose readings in the hypoglycemia range, and plaintiff's Lantus dosage was decreased and then temporarily discontinued when Dr. Ulep learned that plaintiff was refusing his meal trays. Id. ¶¶ 31-32. Dr. Ulep was advised on March 22 that plaintiff had begun to eat regularly again, and plaintiff's Lantus was restarted the following day. Id. ¶ 33.

To succeed on an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). To establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff must satisfy two distinct elements. First, he must show a sufficiently serious medical need. See Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must demonstrate that defendants

5

exhibited deliberate indifference to that medical need "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). To do so, the prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id.

In this case, it is readily apparent that Dr. Ulep was not deliberately indifferent to plaintiff's diabetes. As his exhibits demonstrate, Dr. Ulep addressed all of plaintiff's diabetic issues in a timely manner, closely monitored plaintiff's blood glucose levels, reacted promptly and appropriately when plaintiff suffered a medical episode, and made adjustments to plaintiff's long and short acting insulins and other medications as needed. Plaintiff has come forward with no evidence to support his allegations that Dr. Ulep did otherwise. Accordingly, Dr. Ulep is entitled to summary judgment on plaintiff's claim of deliberate indifference.[2]

### III. Motion to Dismiss

Defendant has also moved for dismissal of the complaint as fraudulent pursuant to Rule 11 based upon a threatening letter Dr. Ulep received from plaintiff's cell partner, Renoir A. Pierre. In the letter, Pierre boasts that he is "rather good" at providing legal assistance to other inmates and claims authorship of "all Greene's grievances, ... wrote the complaint to the Virginia Dept. of Health Professions [sic], and wrote Greene v. Ulep, U.S. District Court, Alexandria." Def. Mem., Ex. B. Pierre offers to "have the entire thing go away and have Greene

---

[2] To the extent that plaintiff's use of the word "negligent" might be interpreted as an attempt to state a claim of medical malpractice against Dr. Ulep, the claim must be dismissed. Virginia law required a written expert opinion that a potential defendant deviated from the standard of medical care and proximately caused the plaintiff's injury as a condition precedent to serving a claim of medical malpractice. Va. Code § 8.01-581.20. Plaintiff did not take that required step here.

never bother" Dr. Ulep again in exchange for medical orders from Dr. Ulep removing peanut butter from his diet and adding extra food for "overactive thyroids." Id. Otherwise, Pierre promises Ulep that "I'll eat you alive in reply to court, Greene will be given a court appointed lawyer, and you'll be crucified." Id. As noted above, plaintiff has not contradicted or disputed these allegations in any respect.

If defendant were not so clearly entitled to summary disposition on the merits of plaintiff's claim, the Motion to Dismiss plainly would bear further investigation. However, as it is established on the record now before the Court that defendant is entitled to judgment, further delay in resolving this case to satisfy the procedural requirements of Rule 11 sanctions is not warranted.

### IV. Prison Litigation Reform Act ("PLRA")

Under the PLRA, a court must dismiss a "case at any time if the court determines that" the action "is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). This standard encompasses claims based upon "an indisputably meritless legal theory" as well as those where "the factual contentions are clearly baseless." Clay v. Yates, 809 F.Supp. 417, 427 (E.D. Va. 1992)(quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). This provision applies to cases which are dismissed at the summary judgment stage. Blakely v. Wards, 701 F.3d 995, 1001 (4th Cir. 2012). As discussed above, the record before the Court reflects that the factual contentions upon which plaintiff predicates his claim against Dr. Ulep are "clearly baseless." Clay, 809 F.Supp. at 427; see Blakely, 701 F.3d at 1000 n. 2 ("Making an ADA claim without being disabled surely supports a frivolity determination and certainly supported the district court's decision that that dismissal counted as a strike."); Daniels v. Caldwell, 2013 WL 6713129 (E.D. Va. Dec. 18, 2013)

(deliberate indifference claim predicated on allegation that a muscle was surgically removed when in fact it was not was factually frivolous). Thus, this action is factually frivolous and will be dismissed on that basis.

## V. Conclusion

For the foregoing reasons, the Motion for Summary Judgment will be granted, and the Motion to Dismiss will be denied. The action will be dismissed as factually frivolous. An appropriate Order shall issue.

Entered this 27th day of March 2014.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge

8